**Charanjit DEOL, Plaintiff–Appellant,**

v.

**EQUILON ENTERPRISES, LLC., Defendant–Appellee.**

No. 02–55513.

D.C. No. CV–01–00196–DDP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2003.

Decided March 14, 2003.

Before LAY,* HAWKINS and TALLMAN, Circuit Judges.

## MEMORANDUM **

Charanjit Deol operates a Shell-branded service station in Mission Hills, California. Deol had a franchise agreement with Equilon Enterprises LLC, which owned the property where the station was located and provided the equipment and supplies necessary to operate the station. Equilon chose not to renew its franchise agreement with Deol in September 2000 due to its decision to sell the property to a third party. At that time, Equilon extended Deol an Offer to Sell Premises under the Petroleum Marketing Practices Act ("PMPA"). Deol did not accept the Offer, specifically objecting to Equilon's refusal to include certain underground storage tanks as part of the sale.

Deol filed a complaint against Equilon in California state court alleging violations of several California statutes. Equilon removed the case to federal court, and the parties stipulated to the dismissal of all but one of Deol's claims, leaving only his claim under Cal. Bus. & Prof.Code § 20999.25.

On January 18, 2002, Equilon filed a Motion for Judgment on the Pleadings based on the assertion that Deol's only remaining claim was controlled by the PMPA. Deol filed his opposition to this motion but did not file an official motion for leave to amend.

Deol filed an Ex Parte Application for Leave to Amend along with a proposed Amended Complaint on February 12, 2002. The same day, the district court signed an order granting Equilon's Motion for Judg-ment and dismissing the action with prejudice. The court found that Deol's Complaint failed to state a claim for relief on the face of the pleadings due to the PMPA's control in cases involving franchise terminations and non-renewals. It also held that Deol should not be granted leave to amend. We affirm.

## I.

Deol's complaint arises directly from the PMPA Offer that he received from Equilon. Under the express terms of the Offer, Deol was required to terminate or non-renew his franchise agreement in order to purchase the property.

This court has found that the PMPA controls in situations of termination and non-renewal of petroleum franchises. *Unocal Corp. v. Kaabipour,* 177 F.3d 755, 768–70 (9th Cir.1999) ("[W]ithin the context of franchise termination or nonrenewal, the federal provision [the PMPA] controls."). As noted, *supra,* the Offer given to Deol was clear that to accept he must terminate his franchise with Equilon. As such, the district court's holding that Deol's § 20999.25 claim was controlled by the PMPA was not in error.

## II.

Deol did not seek leave to amend his complaint until four weeks before trial. He had adequate knowledge of the possibility of the PMPA's control over his complaint. In fact, Deol specifically cited to the *Unocal* opinion in his original complaint. However, he did not request leave to amend until after Equilon filed a Motion for Judgment on the Pleadings.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Amending the complaint at such a late date would unduly prejudice Equilon. Trial was set for March 2002, eighteen months after the original sale attempt. To amend the complaint to include a claim under the PMPA would have extended the trial date even further. At the time of Equilon's Motion for Judgment on the Pleadings, discovery had already taken place. With the advent of a PMPA claim, more discovery and depositions would have been needed. As such, the district court did not abuse its discretion in failing to allow leave to amend.

### III.

The decision of the district court is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.